COURT OF PROBATE OF GLOCESTER *v.* ALEXANDER EDDY et al.

In a suit on an administrator's bond, *Held*, on demurrer, that an action for a breach of such bond, in omitting to render an account to the Court of Probate within one year, cannot be maintained unless it be shown that the administrator was cited by the Court to render such account:—thus settling the construction of section 16 of chapter 163 of the Revised Statutes.

ACTION of debt, on an administrator's bond, brought by a creditor for himself and all interested, in conformity with the statute. The plaintiffs declared upon the bond simply, without setting out the conditions, but made profert; and the defendants (among other pleas) pleaded performance. The plaintiffs traversed this plea, and assigned breaches, one of which was, in substance, that the defendant Eddy did not, within one year from the date of his bond, render to the Court of Probate any account of his administration of his intestate's estate, although (as plaintiffs averred), he had, before the expiration of that period, received some seven thousand dollars of available assets. To this replication the defendants demurred, and the plaintiffs joined in demurrer.

*Browne, for the defendants :—*

I. This is a suit brought under the fifteenth section of chapter 163, Revised Statutes (p. 385). But no suit brought under that section lies unless the administrator has been first cited by the Court of Probate to render his inventory or account (as the case may be), which was not done in this case, nor is it averred in said replication to have been done.

II. The provisions of these sections—15, 16, 17 and 18— are highly penal, and therefore the language is to be strictly construed. *Nelson, Judge, v. Jacques,* 1 Greenl. 145.

III. This construction works no harm. Creditors and heirs are not without their remedy. 1. They can sue in form provided for in sections 3, 4, 5, 6 and 7 of said chapter, by complying with the provisions thereof. 2. They can apply to the Court of Probate for removal of administrator. *Nelson, Judge,*

v. *Woodbury*, 1 Greenl. 253.   3. They can apply to the Court
of Probate to have the administrator cited to render his account,
and then if he refuses, sue him under the 15th section aforesaid.

IV.   In practice, an account is rarely ever rendered at the end
of the first year, especially on estates represented insolvent; and
whenever suits in other States have been predicated on the ad-
ministrator not accounting within one year, it has been held,
either that they could not be maintained, or that merely nomi-
nal damages could be recovered.   See Rev. Stats. ch. 162, §§ 1,
2, 3, p. 382 ; 11 Pick. 496.

*Hayes* and *B. N. Lapham, for the plaintiffs :*—

The plaintiffs' replication is sufficient.   (See condition of the
bond).   Rev. Stats. ch. 163, §§ 5, 6 and 15.   The matters of de-
murrer claimed by the defendants are, at most, but matters of
abatement or of evidence.   If of abatement, they are waived
by the plea of performance of the bond.   *Gardner* v. *James et als.*
5 R. I. 242 ; *Potter* v. *James et als.* 7 Ib. 317.

BRADLEY, C. J.   In this case a demurrer has been filed by
the defendants to the replication of the plaintiff, upon the ground
that, in a suit brought upon this bond, it should be averred, not
only that the executor or administrator is to render his account
within a year, but that he has also been cited by the Court so
to do.

The provision of the statute is, that he *shall* render such ac-
count ; that he shall render it within a year.   And the bond is
given that he will perform that duty.   Of course it is competent
in the legislature, in addition to prescribing the duty of any offi-
cer, also to make any provision which, in its wisdom, it sees fit,
with regard to the violation of such duty.   In this case we con-
sider that the provision of the statute,—"though cited by the
court so to do,"—being a penal statute, must be construed
strictly ; and that an action cannot be maintained as provided
by the statute, upon such bond, for the benefit of the parties
interested, unless such action has occurred, and, of course, unless
it is averred in the pleadings.

It is not, perhaps, necessary for the Court, in this case, to
decide that our statute is intended to provide for every action

that can be brought upon these bonds. It is clear to us that the action in this case is one which has been brought pursuant to, and under, the statute; and if so, it must conform to all the conditions required by the statute.

*Demurrer sustained.*